UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR DIAZ,<br>Plaintiff,<br>v.<br>MENDOZA,<br>Defendant. | Case No. 2:26-cv-2142-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, alleges that defendant Mendoza and an uncertain number of "Doe" defendants violated his Eighth Amendment rights by failing to protect him from falling debris at High Desert State Prison. After review of the complaint, I find that it fails to state a viable claim against any defendant. I will dismiss the complaint with leave to amend, so that plaintiff may remedy the deficiencies identified below. I will also grant the second of plaintiff's applications to proceed *in forma pauperis*, ECF No. 6, and deny his earlier one, ECF No. 2, as moot.

## Screening Order

### I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that, on April 19, 2024, construction was being performed on the roofs above D-Yard at High Desert State Prison. ECF No. 1 at 4. He claims that, on that day (and on an uncertain number of preceding days), pieces of debris (wood and other types of "construction debris") had been falling consistently. *Id.* at 4-5. Inmates had allegedly told correctional staff about the falling debris, and staff were allegedly aware of the hazard, going so far as to pick up slabs of debris on a regular basis. *Id.* at 5. Despite knowing of this hazard, plaintiff alleges that inmates were made to line up in a position that placed them below the construction area. *Id.*

On the day in question, plaintiff alleges that he was searched by unnamed correctional officers and then began walking to the line-up area. *Id.* There, he was struck by a piece of wood material. *Id.* at 6. The only named defendant is Mendoza,[1] a correctional officer, but the complaint does not sufficiently describe his involvement in the accident that befell plaintiff. Mendoza's name is not invoked until after the allegations concerning the falling debris, and plaintiff alleges only that this officer was "present and saw what happened." *Id.* Plaintiff also claims that Mendoza "stated to me that [he] would speak regarding what had occurred." *Id.* It is unclear what plaintiff means by "speak regarding what had occurred." And, I cannot tell what responsibility Mendoza is alleged to hold for plaintiff's injury, as he is alleged only to have been present. There is, for instance, no allegation that he was responsible for setting the location of the line-up, or that he ordered plaintiff to the offending location.

The complaint does broadly allege that "[d]efendants allowed inmates to continue walking and standing directly beneath the construction area." *Id.* at 8. But there are an indeterminate number of "Doe" defendants, and this vague allegation is insufficient to assign responsibility to Mendoza or any individual "Doe" defendant. If this action is to proceed, plaintiff must submit an amended complaint that plainly, and specifically, alleges how each defendant is responsible for his injuries.

---

[1] Another officer, Elizarraraz, is mentioned in the body of the complaint, but is not listed in the caption. ECF No. 1 at 6. Thus, I cannot tell if plaintiff intends to bring any claim against this officer.

Plaintiff's complaint is dismissed with leave to amend so that he may address this deficiency. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED, and his earlier application, ECF No. 2, is DENIED as moot.

IT IS SO ORDERED.

Dated: September 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE